[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-10511

_____

D. C. Docket Nos. 03-00655-CV-F-N & 03-30662-WRS

IN RE:  TOMEKA SCOTT JAMES,

Debtor.

_____

DANIEL G. HAMM,

Plaintiff-Appellant,

versus

TOMEKA SCOTT JAMES,

Defendant-Appellee.

_____

No. 04-10512

_____

D. C. Docket Nos. 03-00654-CV-F-N & 03-30659-WRS

IN RE: LINDA D. SANKEY,

Debtor.

_____

DANIEL G. HAMM,

Plaintiff-Appellant,

versus

LINDA D. SANKEY,

Defendant-Appellee.

_____

No. 04-10526

_____

D. C. Docket Nos. 03-00653-CV-F & 02-33582-WRS

IN RE:  HOPE B. HONEYCUTT,
a.k.a. Hope B. Mizzell,

Debtor.

_____

DANIEL G. HAMM,

Plaintiff-Appellant,

versus

HOPE B. HONEYCUTT,
a.k.a. Hope B. Mizzell,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____

(April 21, 2005)

Before EDMONDSON, Chief Judge, and DUBINA and HULL, Circuit Judges.

HULL, Circuit Judge:

Appellant Daniel G. Hamm (the "Trustee"), the Trustee in the Chapter 7

bankruptcy cases of Debtors-Appellees Tomeka Scott James, Linda Sankey, and

Hope Honeycutt (collectively, the "Debtors"), objected to the Debtors' claims for

federal earned income tax credit ("EITC") exemptions in their individual

bankruptcy cases. The bankruptcy court overruled the Trustee's objections, and

the district court affirmed the bankruptcy court's rulings. The Trustee now appeals

the district court's order. After review and oral argument, we affirm.

## I. BACKGROUND

In this consolidated appeal, each of the Debtors is the subject of a separate

Chapter 7 bankruptcy case. When they filed their bankruptcy petitions and

schedules, all of the Debtors expected to receive federal EITC payments with their

tax refunds for the year 2002. In each bankruptcy case, the Debtor filed a personal

property schedule claiming an interest in such EITC payments as exempt property

pursuant to Alabama Code § 38-4-8 (1975). In each bankruptcy case, the Trustee objected to the exemption of the EITC payments from the bankruptcy estate,[1] and in each case the bankruptcy court overruled the Trustee's objection.

The Trustee then appealed the bankruptcy court's ruling in each case to the district court. On appeal, the district court affirmed the rulings of the bankruptcy court.[2]

The Trustee now appeals the district court's orders affirming the bankruptcy court's overruling of the Trustee's objections in the cases.

## II. DISCUSSION

### A. Alabama Law

We explain first why Alabama law governs certain bankruptcy exemptions available to the Debtors in this case.

Federal bankruptcy law provides that the commencement of a bankruptcy case creates an estate, which is liquidated by the Trustee for the benefit of the debtor's creditors. 11 U.S.C. § 541(a). With certain exceptions, the bankruptcy

---

[1] In the case of debtor Honeycutt, a portion of the EITC accrued after the commencement of Honeycutt's original Chapter 13 case, which subsequently was converted to a Chapter 7 case. The Trustee acknowledges that the portion accrued after the original petition date is not part of the bankruptcy estate and objects only to the exemption of the portion accrued prior to the petition date.

[2] Although each of the Debtors is the subject of a separate, individual bankruptcy case, the cases all were before the same bankruptcy and district court judges.

estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).[3] However, § 522 provides that certain property may be exempted from the bankruptcy estate. 11 U.S.C. § 522(b).

More specifically, § 522(b) provides that certain exemptions set forth in § 522(d) are available to an individual debtor <u>unless</u> the state law applicable to the debtor does not authorize such exemptions. 11 U.S.C. § 522(b)(1). In essence, § 522(b) provides each state with the power to "opt out" of the exemptions provided under bankruptcy law in § 522(d) and instead to create that state's own exemptions.

The state of Alabama, whose law applies to each Debtor in this appeal, has exercised that opt-out provision and created its own exemptions for individual debtors. <u>See</u> Ala. Code § 6-10-11 (1975) (stating that in bankruptcy cases, "there shall be exempt from the property of the estate of an individual debtor only that property and income which is exempt under the laws of the State of Alabama and under federal law other than [§ 522(d)]"). Thus, the exemptions available to the Debtors here are defined by Alabama state law rather than federal bankruptcy law.

## B. Exemption in Alabama Code § 38-4-8

---

[3]11 U.S.C. § 541(b) and (c) provide certain exceptions not relevant here.

The only exemption relevant to this appeal is Alabama's exemption in Alabama Code § 38-4-8 for "all amounts paid or payable as public assistance to needy persons." On appeal, the Trustee argues: (1) that an EITC payment does not qualify as "public assistance" under § 34-4-8, and thus is not exempt personal property; and (2) that, in any event, a debtor who elects to receive an EITC payment as a lump sum cannot claim the payment as an exempt "public assistance" payment under § 34-4-8. We address each argument in turn.

Section 38-4-8 of the Alabama Code provides as follows:

> All amounts paid or payable as public assistance to needy persons shall be exempt from any tax levied by the state or any subdivision thereof and shall be exempt from levy, garnishment, attachment or any other process whatsoever and shall be inalienable, and in the case of any bankruptcy, shall not pass to the trustee or other person acting on behalf of the creditors of the recipient of public assistance.

Ala. Code § 38-4-8 (1975) (emphasis added).

The paramount issue in this appeal is whether EITC payments constitute "public assistance" for purposes of this Alabama-law exemption. Because the term "public assistance" is not defined by the relevant statutes, we "start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used." United States v. Rodgers, 466 U.S. 475, 479, 104 S. Ct. 1942, 1946 (1984) (internal quotation marks and citation omitted). Indeed, "[i]t is settled law in Alabama that . . . '[w]ords used in a statute must be given their natural, plain,

6

ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.'" Ex parte Employees' Retirement System of Alabama, 644 So. 2d 943, 946 (Ala. 1994) (citation omitted).

In determining the ordinary meaning of statutory terms, we often find guidance in dictionary definitions. United States v. McNab, 331 F.3d 1228, 1237 (11th Cir. 2003), cert. denied, 540 U.S. 1177, 124 S. Ct. 1406 (2004). The term "public assistance" is defined as "government aid to needy, blind, aged, or disabled persons and to dependent children." Merriam-Webster Online Dictionary, at http://www.m-w.com/cgi-bin/dictionary?book=Dictionary&va=public+assistance. Thus, the question is whether EITC payments are "government aid to needy, blind, aged, or disabled persons and to dependent children."

The EITC was enacted "to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income . . ., to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices." Sorenson v. Sec'y of the Treasury of the United States, 475 U.S. 851, 864, 106 S. Ct. 1600, 1609 (1986) (emphasis added) (citing, e.g., S.Rep. No. 94-36, pp. 11, 33 (1975); H.R.Rep. No. 94-19, pp. 3-4, 29-31 (1975)). Because the EITC was

enacted "to provide relief for low-income families," we conclude that it qualifies as government aid to needy persons.  Indeed, the Trustee does not appear to dispute this conclusion.  Thus, the plain meaning of the language of § 38-4-8, standing alone, indicates that EITC payments, which constitute public assistance payments to needy persons, shall not pass to the trustee in the case of a bankruptcy.

The Trustee, however, argues that the exemption created by § 38-4-8 applies only to state public-assistance payments and not to federal public assistance such as EITC payments.  The Trustee's argument relies upon another statute in the same chapter of the Alabama Code, which sets forth the persons to whom public assistance is payable under that chapter.  Specifically, Alabama Code § 38-4-1 states in relevant part as follows:

> **§ 38-4-1. Persons to whom public assistance payable.**
> (a) Generally. – Public assistance shall be payable under this chapter to or on behalf of any person who is a needy blind person within the requirements of this chapter, or is a needy person over the age of 65 years within the requirements of this chapter, or is a dependent child within the requirements of this chapter, or who is permanently and totally disabled within the requirements of this chapter. . . .

(Emphasis added.)  In addition, other sections of Alabama Code Title 38, Chapter 4 establish a procedure for the provision of certain state public assistance under that chapter.  See Ala. Code § 38-4-1 (1975), et seq.  According to the Trustee's argument, the exemption in § 38-4-8 contemplates only the state public assistance

8

available under that chapter.

The Trustee's interpretation is contrary to the plain language of § 38-4-8. Section 38-4-1 does not define, and does not purport to define, "public assistance" as that term is used in § 38-4-8. Rather, § 38-4-1 simply prescribes a particular form of state public assistance that is payable under this chapter.

On the other hand, the exemption set forth in § 38-4-8 explicitly applies to "[a]ll amounts paid or payable as public assistance to needy persons," not to public assistance payable under this chapter (emphasis added). Had the Alabama legislature intended to restrict the exemption in § 38-4-8 to the particular form of state public assistance payable under chapter 4 of title 38, it easily could have so specified. In fact, as outlined above, the legislature so specified in § 38-4-1.

Instead, the legislature chose in § 38-4-8 to exempt "all" public assistance payments, and we must give meaning to the words carefully chosen by the legislature. As the district court properly noted in In re Brasher, 253 B.R. 484, 488 (M.D. Ala. 2000), "the fact that the Alabama legislature employed modifying terms [such as 'under this chapter'] for 'public assistance' in some sections of the title but not in § 38-4-8 is more plausibly read as a deliberate choice not to limit the breadth of the public-assistance exemption in § 38-4-8." Thus, our above conclusion that EITC payments constitute "public assistance" for purposes of the §

9

38-4-8 exemption is unaffected by § 38-4-1.[4]

We note that our decision in this regard is consistent with the only other court that has interpreted this Alabama exemption and with most courts interpreting similar statutes enacted in other states. See In re Brasher, 253 B.R. 484, 488 (M.D. Ala. 2000) (concluding that EITC payments were 'public assistance' for purposes of Alabama Code § 38-4-8); see also, e.g., Flanery v. Mathison, 289 B.R. 624, 628-29 (W.D. Ky. 2003) (EITC payments exempt under Kentucky statute exempting public assistance benefits); In re Tomczyk, 295 B.R. 894, 897 (Bankr. D. Minn. 2003) (same, under Minnesota exemption); In re Longstreet, 246 B.R. 611, 617 (Bankr. S.D. Iowa 2000) (same, under Iowa exemption); In re Brockhouse, 220 B.R. 623, 625 (Bankr. C.D. Ill. 1998) (same, under Illinois exemption).[5]

## C. Lump-Sum EITC Refund

---

[4]This Court denies the Trustee's motion to certify to the Alabama Supreme Court the question of whether EITC payments qualify as "public assistance" for purposes of the exemption established in Alabama Code § 38-4-8. If we have misinterpreted the legislative intent of § 38-4-8, the Alabama legislature is free to amend the statute to clarify its true intent, and can do so without the interpretation of the Alabama Supreme Court.

[5]The Trustee also argues (1) that the qualifications for receipt of EITC are very different from those for state public assistance under chapter 4 of title 38, and (2) that the exemption of EITC payments more than doubles the amounts of some debtors' exemptions. We do not doubt that the inclusion of EITC payments among exempt property may profoundly affect both the class of debtors able to claim public-assistance exemptions and the amounts of certain debtors' exemptions. However, for the reasons stated herein, we conclude that the Alabama legislature enacted such effects, and it is not our place to evaluate the wisdom of the legislature's policy choice.

The Trustee also argues that, even if EITCs are generally exempt under § 38-4-8, EITC payments lose their character as tax credits and become simple refunds, which are not exempt, when the debtor elects to receive the EITC as a lump-sum refund. This argument is unavailing.

Unlike some tax credits, an EITC is "refundable." That is, if an individual's EITC exceeds his or her tax liability, the excess amount is labeled an "overpayment" and is refunded to the individual as if the individual overpaid in taxes. See Sorenson, 475 U.S. at 854-55, 106 S. Ct. at 1603-04; 26 U.S.C. §§ 6401(b), 6402(a). A taxpayer can elect to receive (1) any EITC amounts in a lump sum as a tax refund, or (2) a ratable portion of the EITC amount with each payroll check. The Trustee argues that this second option is the "preferred" method and is more consistent with Congress's intent to provide relief to low-income wage earners and to mitigate the effects of Social Security taxes.[6] The Trustee argues, in reliance on Sorenson, that when a debtor elects to receive an EITC payment as a

---

[6]The Trustee's argument that Congress prefers the ratable-monthly-credit option is based on the following language in 26 U.S.C. § 3507:
> (f) Internal Revenue Service notification.—The Internal Revenue Service shall take such steps as may be appropriate to ensure that taxpayers who have 1 or more qualifying children and who receive a refund of the credit under section 32 are aware of the availability of earned income advance amounts under this section.

26 U.S.C. § 3507(f). We do not view this provision as any indication that Congress prefers one method over another. In any event, even if Congress viewed the monthly-payment method as preferable, that preference does not affect our analysis of the entirely different question of whether a lump-sum payment is "public assistance" and therefore exempt.

11

lump-sum refund, the payment becomes an "overpayment" rather than a credit, and is non-exempt property, just like any other refund.

The Trustee's reliance on Sorenson for this argument is misplaced, and the Trustee offers no other authority for his position. In Sorenson, the Supreme Court interpreted the tax-intercept law, which directs the Secretary of the Treasury (the "Secretary") to intercept tax-refund payments otherwise payable to taxpayers who owe past-due child-support payments that have been assigned to the Secretary. See 42 U.S.C. 664(a); 26 U.S.C. § 6402(c). In Sorenson, the taxpayer anticipated a tax refund consisting in part of an EITC payment. 475 U.S. at 855, 106 S. Ct. at 1604. The Internal Revenue Service ("IRS"), however, notified the taxpayer that a portion of the anticipated refund was being retained by the IRS pursuant to the tax-intercept law. Id. "The tax-intercept law essentially directs the Secretary to give priority to a State's claim for recoupment of welfare payments made to a family who failed to receive child support . . . over an individual's claim for refund of tax overpayment." Sorenson, 475 U.S. at 856, 106 S. Ct. at 1604. Further, 26 U.S.C. § 6402(c) provides that "[t]he amount of any overpayment to be refunded to the person making the overpayment shall be reduced by the amount of any past-due support . . . owed by that person of which the Secretary has been notified. . . ." The Supreme Court in Sorenson held that EITC refunds are such "overpayments" and

12

are subject to reduction for past-due child support.  <u>Sorenson</u>, 475 U.S. at 865, 106 S. Ct. at 1609.

The Supreme Court's <u>Sorenson</u> decision is inapposite here.  While we recognize that an EITC refund is an "overpayment" for purposes of 26 U.S.C. § 6402(c), that designation has no bearing on the distinctly different issue in this case, which does not involve past-due child support or the tax-intercept law. Whether an EITC payment is a credit, a refund, or an overpayment does not affect the fact that it is "public assistance" for purposes of Alabama Code § 38-4-8 and is therefore exempt.  The Trustee does not offer any support for its contention that an EITC payment somehow loses its "public assistance" character when it is paid in a lump sum.  We thus conclude that an EITC payment is exempt under § 38-4-8 regardless of whether a debtor elects to receive it in monthly payments or as a lump-sum refund.

## III.  CONCLUSION

For the foregoing reasons, we affirm the district court's order, which affirms the bankruptcy court's overruling of the Trustee's objections to the Debtors' exemptions.

**AFFIRMED.**