In re Dustin Jay WESTBY and Brandi Michelle Westby, formerly known as Brandi Michelle Castro, formerly known as Brandi Michelle Taylor, Debtor.

Darcy D. Williamson, Trustee,
Appellant,

v.

Dustin Jay Westby and Brandi Michelle Westby,
Appellees,

and

Derek Schmidt, Kansas Attorney General, Intervenor–Appellee.

BAP No. KS–12–027.
Bankruptcy No. 11–40986.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Feb. 4, 2013.

Shawn C. Jurgensen of Williamson Law Office, Topeka, KS (Darcy D. Williamson, pro se, with him on the brief) for Appellant.

Bruce C. Barry of Bruce C. Barry P.A., Manhattan, KS (Jill A. Michaux of Neis & Michaux, P.A., Topeka, Kansas, with him on the brief), for Appellees.

Derenda Jo Mitchell, Assistant Attorney General, Topeka, KS, for Intervenor–Appellee.

Before MICHAEL, ROMERO, and TALLMAN[1], Bankruptcy Judges.

MICHAEL, Bankruptcy Judge.

The issue presented on appeal is whether a recently enacted Kansas statute exempting tax refunds attributable to the earned income credit for bankruptcy debtors is constitutional. The Chapter 7 trustee objected to the debtors' claimed exemption, arguing the Kansas bankruptcy-only exemption statute violates the Uniformity and Supremacy Clauses of the United States Constitution. The bankruptcy court concluded the exemption statute did not violate these constitutional provisions and overruled the Trustee's objection. Having reviewed the record and the applicable law, we agree that the Kansas bankruptcy-only exemption statute passes con-

stitutional muster, and therefore AFFIRM the bankruptcy court's order.

## I. THE KANSAS STATUTE AND THE EIC

For purposes of federal income taxation, an earned income credit ("EIC") is available to lower-income taxpayers who meet various requirements under the Internal Revenue Code.[2] The intent of the EIC is to offset the burden of payroll tax deductions for social security and Medicare.[3] The EIC is a refundable credit that primarily benefits lower-income married couples and heads of households who have qualifying dependent children.[4] The amount of a taxpayer's EIC is calculated as a percentage of his or her earned income (generally defined as wages, salaries, and tips), taking into account the number of qualifying children the taxpayer can claim.[5] Similarly, for purposes of state income taxation, Kansas allows certain taxpayers the benefit of an EIC, the amount of which is calculated as a percentage of the federal EIC.[6]

Several states have enacted exemption statutes placing EIC tax refunds beyond the reach of a debtor's creditors.[7] Additionally, bankruptcy and appellate courts in other jurisdictions have held that EIC tax refunds are exempt assets pursuant to

---

1. Honorable Howard R. Tallman, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Colorado, sitting by designation.

2. 26 U.S.C. § 32.

3. *Sorenson v. Sec'y of Treasury,* 475 U.S. 851, 864, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986).

4. *See* 26 U.S.C. § 32(c)(3) for the definition of a qualifying child.

5. *See* 26 U.S.C. § 32(b) for credit and phase-out percentages based on number of qualify-

ing children, and § 32(c)(2) for the definition of earned income.

6. Kan. Stat. Ann. § 79–32,205 (West 2012).

7. *See, e.g.,* Colo.Rev.Stat. Ann. § 13–54–102(1)(*o*) (West 2012) (exempting amount of any federal or state income tax refund "attributed to an earned income tax credit"); Okla. Stat. Ann. tit. 31, § 1(A)(23) (West 2012) (exempting "[a]ny amount received pursuant to the federal earned income tax credit"); Neb. Rev.Stat. § 25–1553 (West 2012) (exempting "full amount of any federal or state earned income tax credit refund").

a state's statute exempting public assistance.[8] Along these lines, in April 2011, the Kansas legislature passed "Senate Bill No. 12," an exemption statute that became effective immediately upon its publication in the Kansas register and that has now been codified at Kansas Statutes Annotated § 60–2315 ("§ 60–2315"). The Kansas statute allows bankruptcy debtors to claim an exemption for federal and state EIC refunds, and provides as follows:

> An individual debtor under the federal bankruptcy reform act of 1978 (11 U.S.C. § 101 et seq.), may exempt the debtor's right to receive tax credits allowed pursuant to section 32 of the federal internal revenue code of 1986, as amended, and K.S.A. 79–32,205, and amendments thereto. An exemption pursuant to this section shall not exceed the maximum credit allowed to the debtor under section 32 of the federal internal revenue code of 1986, as amended, for one tax year. Nothing in this section shall be construed to limit the right of offset, attachment or other process with respect to the earned income tax credit for the payment of child support or spousal maintenance.[9]

In other words, when Kansas bankruptcy debtors receive their EIC tax refunds, their creditors cannot reach them. Kansas debtors not in bankruptcy, however, are not afforded this protection. The constitutionality of the Kansas legislature's distinction between and differential treatment of debtors is the question we are tasked with answering on appeal.

## II.  FACTS AND PROCEEDINGS BELOW[10]

Debtors Dustin and Brandy Westby (the "Westbys") filed a voluntary Chapter 7 petition on June 22, 2011. On their Schedule C, the Westbys claimed as exempt the "Earned Income Credit" with a current value of "Unknown." Darcy D. Williamson, the Chapter 7 trustee (the "Trustee"), timely objected to the Westbys' claimed EIC exemption, challenging it on the basis of the Uniformity and Supremacy Clauses of the United States Constitution. In September 2011, pursuant to Federal Rule of Civil Procedure 5.1 and 28 U.S.C. § 2403(b), as made applicable to bankruptcy by Federal Rule of Bankruptcy Procedure 9005.1, the bankruptcy court certified the constitutional question to the Kansas Attorney General.[11] Attorney General Derek Schmidt (the "Attorney General") intervened in the case, opposing the Trustee's objection.[12]

The bankruptcy court took the Trustee's objection under advisement, along with similar objections in thirteen other Chap-

---

**8.** See, e.g., Hamm v. James (In re James), 406 F.3d 1340 (11th Cir.2005) EIC refunds qualified as "public assistance" and could be claimed as exempt under Ala.Code § 38–4–8; In re Tomczyk, 295 B.R. 894 (Bankr.D.Minn. 2003) (EIC refunds exempt under Minn.Stat. § 550.37(14) as "relief based on need").

**9.** Kan. Stat. Ann. § 60–2315 (West 2012).

**10.** The facts underlying this appeal are undisputed, and therefore, portions of this description are taken from the bankruptcy court's opinion published at In re Westby, 473 B.R. 392 (Bankr.D.Kan.2012). Judge Karlin noted that she had dozens of pending EIC cases as of the date the opinion was issued. Id. at 397 n. 11. Approximately four months after Judge Karlin's decision was issued, Judge Nugent similarly upheld the constitutionality of the Kansas EIC exemption in In re Earned Income Tax Credit Exemption Constitutional Challenge Cases, 477 B.R. 791 (Bankr.D.Kan. 2012).

**11.** Court Certification of Constitutional Challenge, in Appellant's App. at 324.

**12.** The National Association of Consumer Bankruptcy Attorneys also participated in these cases by filing an amicus brief. See Westby, 473 B.R. at 397 n. 11.

ter 7 bankruptcy cases, until it could rule in the lead case.[13] The bankruptcy court set deadlines for briefing, which ended November 21, 2011, and scheduled a hearing on the objection in the lead case for December 20, 2011.[14] However, on November 1, 2011, the bankruptcy court entered a case management order (the "Case Management Order") postponing the hearing due to concerns regarding ripeness of the issue for adjudication. The bankruptcy court doubted there was a sufficient case or controversy before it because tax year 2011 had not yet closed, and thus no returns had been filed to give rise to any interest in an EIC tax refund.[15]

The Management Order, which governed all further proceedings in the fifteen named cases as well as "future like cases," directed that debtors claiming an exemption for a 2011 tax year EIC refund file their returns on or before March 1, 2012, serve copies of the returns on the Trustee and Attorney General, serve notice of the same on the Court, and upon receipt of any EIC refund, deposit the funds in their attorney's trust account, or if pro se, remit the funds to the Trustee.[16] Additionally, the Management Order stated that after debtors filed their 2011 tax returns, supplemental briefing by the parties was permitted if "the facts have changed sufficiently to cause a different legal conclusion,"[17] and such briefing would be due by April 1, 2012.[18] On March 19, 2012, the bankruptcy court entered an order supplementing the Management Order (now applicable in over 30 EIC refund exemption cases), which directed the Trustee and the Attorney General to notify the court if either intended to file a motion for supplemental briefing.[19]

On April 2, 2012, more than four months after the original briefing deadlines had passed, and without previously notifying the bankruptcy court as directed in the Management Order supplement, the Trustee filed a motion for supplemental briefing together with the required supplemental brief. In the proffered brief, the Trustee made an additional argument based on 11 U.S.C. § 544[20] in support of her objection to the Westbys' claimed exemption of the EIC.[21] Specifically, the Trustee argued that

> she may exercise her hypothetical 'rights and powers' under section 544(a)

13. *In re Gifford*, Case No. 11–40589, served as the lead case.

14. *Order on Trustee's Objections to Earned Income Credit Exemption, in* Appellant's App. at 327.

15. *Intervening Case Management Order Governing Challenges to the Constitutionality of the Earned Income Credit Exemption ("Management Order")* at 6, *in* Appellant's App. at 342.

16. *Management Order* at 6–8, *in* Appellant's App. at 342–44. Although a discharge was issued on September 30, 2011, the Westbys' bankruptcy remained pending as a Chapter 7 case, they timely filed their 2011 federal and state returns, and subsequently received their tax refunds, of which $5,751 and $1,035, respectively, were attributable to the EIC.

17. *Management Order* at 9 n. 5, *in* Appellant's App. at 345.

18. Because April 1, 2012, was a Sunday, the supplemental briefing deadline was actually April 2, 2012.

19. *First Supplement to Intervening Case Management Order Governing Challenges to the Constitutionality of the Earned Income Credit Exemption* at 5, *in* Appellant's App. at 356.

20. Unless otherwise indicated, all future statutory references in text are to the Bankruptcy Code, Title 11 of the United States Code.

21. *Trustee's Motion for Supplemental Briefing, in* Appellant's App. at 199.

to invoke whatever remedies [are] provided to judgment lien creditors to satisfy judgments against the debtor, including execution against earned income tax credits.[22]

The bankruptcy court denied the Trustee's motion for supplemental briefing because the new legal argument presented did not fall within the parameters specified in the Management Order.[23]

On April 4, 2012, the bankruptcy court issued its published opinion, overruling the Trustee's objection to the Westbys' claimed EIC exemption.[24] The bankruptcy court held as follows: 1) because the Kansas exemption statute is a state rather than federal enactment relating to bankruptcy, there is no Uniformity Clause violation; 2) because the Trustee demonstrated no express conflict between the Kansas exemption statute and the Bankruptcy Code, nor an implied conflict between the EIC exemption and the language and goals of the Bankruptcy Code, there is no Supremacy Clause violation; and 3) the Kansas exemption statute does not impermissibly reprioritize or preempt bankruptcy law with regard to the payment of bankruptcy claims.[25] The Trustee timely appealed the bankruptcy court's decision to this Court.

### III. APPELLATE JURISDICTION

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[26] Neither party elected to have this appeal heard by the United States District Court for the District of Kansas. The parties have therefore consented to appellate review by this Court.

A decision is considered final "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[27] An order disposing of an objection to a creditor's claim is a final order for purposes of appeal.[28]

### IV. STANDARD OF REVIEW

The facts of this case are undisputed. On appeal, the Trustee primarily asserts the bankruptcy court erred in determining that the Kansas statute providing bankruptcy-only exemption for EIC tax refunds is constitutional, and that it does not impermissibly reprioritize or preempt bankruptcy law. These assertions of error present legal issues for determination. Legal questions are reviewed *de novo*.[29] *De novo* review requires an independent determination of the issues, giving no spe-

---

22. *Trustee's Supplemental Memorandum in Support of Amended Objection to Debtors' Exemption ("Supplemental Brief")* at 3, *in* Appellant's App. at 203.

23. *In re Westby*, 473 B.R. 392, 423 (Bankr. D.Kan.2012).

24. *Id.*, 473 B.R. 392. The bankruptcy court's opinion was entered in this case as opposed to the *Gifford* case (originally designated as the lead case) because following the filing of 2011 tax returns, Gifford amended his Schedule C to remove the claimed EIC exemption. *See Supplemental Brief* at 2 n. 1, *in* Appellant's App. at 202.

25. *Westby*, 473 B.R. at 396.

26. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002; 10th Cir. BAP L.R. 8001–3.

27. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).

28. *In re Bryan*, 407 B.R. 410 (10th Cir. BAP 2009).

29. *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

cial weight to the bankruptcy court's decision.[30]

The Trustee also asserts the bankruptcy court erred in refusing to accept her proffered supplemental brief, which raised the issue of a trustee's hypothetical rights and powers pursuant to § 544 to execute against debtors' EIC refunds. We review this decision by the bankruptcy court for abuse of discretion.[31] Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.[32]

## V. ANALYSIS

■ The bankruptcy court's published memorandum opinion in this case is extremely well-crafted, and its analysis concluding the Kansas bankruptcy-only exemption statute to be constitutional is methodical and complete. We agree with the bankruptcy court's detailed analysis and reasoning and find it unnecessary to duplicate that court's extensive efforts. As a result, in order to resolve this appeal, this Court need only incorporate by reference the legal reasoning and conclusions set forth in the bankruptcy court's memorandum opinion, and briefly discuss two additional matters. Those two matters are: 1) a post-bankruptcy opinion development in the relevant case law, and 2) the Trustee's argument that the bankruptcy court erred in denying her request to file a supplemental brief.

### A. Subsequent Case Law Development—*In re Schafer*[33]

In *Schafer*, a Chapter 7 trustee objected to a debtor's claimed exemption under a Michigan bankruptcy-only homestead exemption statute[34] on the basis of both the Uniformity and Supremacy Clauses of the United States Constitution. The Michigan bankruptcy court overruled the objection, and the Chapter 7 trustee appealed. The Bankruptcy Appellate Panel of the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit BAP") reversed the bankruptcy court's decision, holding the Michigan statute unconstitutional as a violation of the Uniformity Clause. The debtor then appealed the Sixth Circuit BAP's decision to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"). The appeal before the Sixth Circuit was pending when the bankruptcy court herein issued its opinion and the parties briefed the appeal. The bankruptcy court below acknowledged and discussed the Sixth Circuit BAP's decision in *Schafer*, but ultimately disagreed with its reasoning and conclusion that a state bankruptcy-only exemption statute violates the Uniformity Clause.[35]

Subsequent to the bankruptcy court's decision herein, the Sixth Circuit reversed the Sixth Circuit BAP's *Schafer* decision. The Sixth Circuit explained that it is "not

---

**30.** *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

**31.** *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159 (10th Cir.1998).

**32.** *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir.1994).

**33.** *Richardson v. Schafer (In re Schafer)*, 689 F.3d 601 (6th Cir.2012), *petition for cert. filed*, 81 U.S.L.W. 3310 (U.S. Nov. 16, 2012).

**34.** The Michigan homestead allowance for bankruptcy debtors ($30,000 or $45,000 if over 65 or disabled) is substantially higher than the Michigan general homestead exemption ($3,500). *Compare* Mich. Com. Laws § 600.5451(1)(n) *with* Mich. Comp. Laws § 600.6023(1)(h) (West 2012).

**35.** *Westby*, 473 B.R. at 407–10.

the *outcome* that determines the uniformity, but the uniform *process* by which creditors and debtors in a certain place are treated." Therefore, it concluded that laws that apply uniformly to debtors who are a part of a defined class are permissible, and under the Michigan exemption statute, bankruptcy debtors as a class are treated the same (with limited exceptions).[36] The Sixth Circuit further indicated that the Uniformity Clause "does not require geographic uniformity between the exemptions available to debtors in bankruptcy and debtors outside of bankruptcy." In conclusion, the *Schafer* court opined that Michigan's decision to distinguish bankruptcy debtors from other debtors makes sense because they are "often in more dire straits than those whose property is subject to levy by a specific creditor."[37]

With respect to violation of the Supremacy Clause, the Sixth Circuit found that field preemption did not apply because "Congress expressly authorize[d] the states to 'preempt' the *federal* legislation" when it enacted § 522(b)(1).[38] Further, the Sixth Circuit indicated that the argument for field preemption is even more tenuous given that exemptions were creatures of state law prior to the 1978 enactment of the Bankruptcy Code.[39] The Sixth Circuit also concluded there was no conflict preemption because a state's bankruptcy-only exemption statute does not frustrate national bankruptcy policy, especially in light of Congress's expressly permitted variations in how states treat bankruptcy exemptions via § 522(b), which imposes no restrictions that would prevent states from enacting bankruptcy-specific exemption statutes.[40] The Sixth Circuit opined that Michigan's higher homestead exemption for debtors in bankruptcy "actually *furthers*, rather than frustrates, [the] national bankruptcy policy" of providing debtors with a fresh start.[41]

## B. Trustee's Hypothetical Rights and Powers under § 544

The Trustee's second argument on appeal is that under § 544(a) she has hypothetical rights and powers available to pre-petition judgment creditors that would allow her to reach the Westbys' EIC refund. She asserts that pursuant to § 544 she may avoid the bankruptcy-only exemption and execute upon property, including the EIC portion of the Westbys' tax refunds. This argument was not, however, considered by the bankruptcy court below.

▮▮▮ As a general rule, appellate courts do not consider issues that have not been passed upon by the trial court below.[42] Exceptions to this rule exist, but are available only in rare circumstances, such as "where the jurisdiction of a court to hear a case is questioned, sovereign immunity is raised, or when the appellate

---

36. *Schafer,* 689 F.3d at 611–12.

37. *Id.* at 612. As noted above, the trustee filed a petition for writ of certiorari with the United States Supreme Court on November 16, 2012. Additionally, Darcy D. Williamson, the Trustee herein, filed an amicus brief supporting the Michigan trustee's petition. *See* 2012 WL 6706581 (Dec. 21, 2012) (No. 12–643).

38. *Schafer,* 689 F.3d at 614 (quoting *Rhodes v. Stewart,* 705 F.2d 159, 163 (6th Cir.1983)).

39. *Id.* at 614.

40. *Id.* at 615–16.

41. *Id.* at 616.

42. *In re C.W. Mining Co.,* 625 F.3d 1240, 1246 (10th Cir.2010) (citing *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)).

court feels it must resolve a question of law to prevent a miscarriage of justice." [43] Although this case does not present a "rare circumstance" of this type, it does involve an additional factual wrinkle. Here, despite not having advised the bankruptcy court of her intention to file a supplemental brief as required by the court's March 19, 2012 order supplementing the Management Order, the Trustee attempted to present her argument regarding § 544 powers to the bankruptcy court in a supplemental brief.

As described above, the bankruptcy court entered a Management Order governing this and numerous other similar proceedings. The normal briefing schedule ended in November 2011, and pursuant to the Management Order, any supplemental briefing thereafter was limited to situations in which "the facts have changed sufficiently to cause a different legal conclusion ... after any return is filed or refund issued." [44] When the Trustee filed her motion to permit a supplemental brief containing the § 544 argument, the bankruptcy court denied the motion because the substance of the proffered brief did not fall within the limited category of issues allowed to be briefed on a supplemental basis contemplated by the Management Order. On appeal, the Trustee asserts the bankruptcy court erred in denying her motion to file supplemental brief and not considering her § 544 argument, and urges this Court to consider such argument. For the following reasons, we decline to take up this issue on appeal or to remand it for consideration by the bankruptcy court.

When issues relating to a trial court's "supervision of litigation" are appealed, they are most commonly reviewed under an abuse of discretion standard. [45] Further, courts ordinarily do not address legal arguments raised for the first time in a reply brief. [46] In this case, the Trustee's supplemental brief is analogous to a reply brief containing new legal arguments, and the bankruptcy court's denial of the Trustee's motion relates to its supervision of litigation in this case and many others like it. The strict deadlines and procedural rules imposed in the bankruptcy court's Management Order seem particularly necessary here, where the EIC exemption was objected to by the Trustee in numerous cases immediately following enactment of the statute, and coordination of administering the cases was a necessity. Further, the voluminous litigation included not only counsel for the parties, but also participation by the Attorney General as an intervenor, as well as the National Association of Consumer Bankruptcy Attorneys, who filed an amicus brief.

The argument proffered by the Trustee in her supplemental brief is a distinctly legal one that is not dependent upon a change in facts or circumstances as required under the Management Order. Further, it is an argument that clearly could have been made by the Trustee in her opening or reply brief. As a result, we do not believe the bankruptcy court abused its discretion in denying the Trustee's motion for supplemental briefing.

The Trustee appears to assert that her § 544 legal argument could not have been

**43.** *Id.* (quoting *Hicks v. Gates Rubber Co.,* 928 F.2d 966, 970 (10th Cir.1991)).

**44.** *Westby,* 473 B.R. at 423.

**45.** *Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1164 (10th Cir.1998).

**46.** *Plotner v. AT & T Corp.,* 224 F.3d, 1161, 1175 (10th Cir.2000) (citing *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 724 (10th Cir. 1993)).

made in her original briefs. In her motion to file the supplemental brief, the Trustee states:

> the Trustee learned of a recent case decided by the Tenth Circuit Bankruptcy Appellate Panel which is persuasive, if not controlling, on the issues raised by the Trustee. That case is *In re Duffin,* 457 B.R. 820 (10th Cir. BAP 2011). The Trustee's Supplemental Memorandum addresses how the rationale applied by the *Duffin* court is applicable to these consolidated cases." [47]

*Duffin* was decided by this Court on September 19, 2011. The Trustee filed her initial brief in support of the objection to the Westbys' exemption on October 20, 2011,[48] and her reply brief on December 9, 2011.[49] Although the *Duffin* analysis was available to the Trustee well before any briefing was due, she waited more than six months to present her argument based on *Duffin* to the bankruptcy court and only did so by filing a motion for supplemental briefing on April 2, 2012, the last day allowed for doing so.[50] Under these circumstances, the bankruptcy court did not abuse its discretion in denying the Trustee's motion to file a supplemental brief.

## VI. CONCLUSION

We incorporate by reference the legal reasoning and conclusions set forth in the bankruptcy court's memorandum opinion regarding the constitutionality of the Kansas bankruptcy-only exemption for the EIC portion of a tax refund. Further, we decline to take up the Trustee's argument regarding her ability to reach the EIC refund by way of her hypothetical § 544 rights and powers, or to remand it for consideration because the bankruptcy court did not abuse its discretion in denying the Trustee's motion to allow supplemental briefing. The decision of the bankruptcy court is AFFIRMED.

---

**47.** *Trustee's Motion for Supplemental Briefing, in* Appellant's App. at 199.

**48.** *Trustee's Memorandum in Support of Amended Objection to Debtors' Exemption, in* Appellant's App. at 29.

**49.** *Trustee's Reply to the Briefs Filed in Response to Trustee's Memorandum in Support of*

*Amended Objection to Debtor's Exemption, in* Appellant's App. at 171.

**50.** As previously noted, the Management Order specified a due date of April 1, 2012, but that date was a Sunday, thereby making April 2, 2012, the actual deadline.