[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15925

_____

D.C. Docket No. 0:12-cv-61612-KMW,
Bkcy No. 12-14092-BKC-JKO


In Re: JOHN WILLIAM HOOD, JR.,

            Debtor.


_____

LUIS A. TORRENS,
ADRIAN REYES,
THE TORRENS LAW FIRM, LLC,

            Plaintiffs - Appellants,

versus

JOHN WILLIAM HOOD, JR.,

            Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 29, 2013)

Before TJOFLAT and WILSON, Circuit Judges, and COOGLER,* District Judge.

WILSON, Circuit Judge:

Luis A. Torrens, Adrian Reyes and the Torrens Law Firm, LLC (the firm) (collectively "Appellants"), appeal the United States District Court for the Southern District of Florida's affirmance of the United States Bankruptcy Court for the Southern District of Florida's order in favor of John Hood, Jr.  The bankruptcy court held that Appellants violated 11 U.S.C. §§ 527 and 528(a)(1), Florida Rules of Professional Conduct 4-3.3(a)(1) and 4-8.4(c), and possibly 18 U.S.C. § 157(3) by helping Hood file an "ostensibly pro se [Voluntary Chapter 13] bankruptcy petition in bad faith to stall a foreclosure sale."[1]  After an evidentiary hearing, the bankruptcy court held that Appellants prepared the Chapter 13 petition as ghostwriters and consequently made false or fraudulent representations to the court.

Appellants now contend that they did not perpetrate fraud on the court by assisting Hood in the preparation of his pro se Chapter 13 petition, and that the assistance Appellants provided cannot be classified as ghostwriting.  After review

---

* Honorable L. Scott Coogler, United States District Court for the Northern District of Alabama, sitting by designation.

[1] Chapter 13 bankruptcies are designed for individuals with a regular income who are seeking to re-structure their finances to establish a long-term repayment plan of their debts with creditors, *see* 11 U.S.C. § 1325, and generally impose an automatic stay against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," *id.* § 362(a)(3).

of the briefs and the record, and with the benefit of oral argument, we reverse and remand.

I.

On January 24, 2012, Hood met with Adrian Reyes, a member of the Torrens Law Firm, to discuss foreclosure defense services provided by the firm. At this time, Hood allegedly considered hiring the firm to attempt to extend the February 22, 2012 sale date for the state-court foreclosure proceedings concerning his Hollywood, Florida business. Reyes also discussed bankruptcy with Hood, the impact it would have on the foreclosure process, and the firm's fees for both foreclosure defense work and bankruptcy representation. On February 21, 2012, Hood, apparently unable to afford representation for both his bankruptcy and foreclosure needs, paid a $1,000 retainer to the firm to provide foreclosure defense work. On that same date, a courier filed a pro se Chapter 13 petition via a power of attorney on Hood's behalf in the bankruptcy court for the Southern District of Florida. The circumstances behind the petition's preparation and filing are highly disputed.

Before the bankruptcy court, Hood contended that he had no knowledge that he had filed for bankruptcy. The bankruptcy court found Hood's contention to be untruthful, yet still held that Appellants fraudulently prepared and filed a pro se petition on behalf of Hood. Appellants maintain that the firm's secretary acted as a

3

scrivener when she prepared the petition at Hood's request.  Appellants also argue

that, at Hood's request, the secretary wrote his oral responses into the

corresponding blanks on the petition.  A courier then filed the petition on behalf of

Hood via a power of attorney notarized by Luis Torrens, a partner at the firm.

On February 28, 2012, one of Hood's largest business clients contacted him

regarding his involvement in the bankruptcy proceeding and expressed concern

over Hood's continued ability to perform work for them.  Hood, seemingly leery of

losing business, informed the client that he had no knowledge of the bankruptcy

proceeding.  On April 3, 2012, with what the bankruptcy court characterized as

"buyer's remorse," Hood, represented by counsel, filed a motion for order to show

cause against Appellants.

The bankruptcy court granted Hood's motion and held an evidentiary

hearing on April 16, 2012.  The court noted that despite Hood's remorse, he

"signed several documents containing the word bankruptcy in multiple places."

Regardless, on June 7, 2012, the bankruptcy court held that Appellants violated 11

U.S.C. §§ 527 and 528(a)(1), Florida Rules of Professional Conduct 4-3.3(a)(1)[2]

and 4-8.4(c),[3] and "appear[ed] to have violated 18 U.S.C. § 157(3)." [4]  The

---

[2] Florida Rule of Professional Conduct 4-3.3(a)(1) states that "[a] lawyer shall not . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

[3] Florida Rule of Professional Conduct 4-8.4(c) explains that "[a] lawyer shall not . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

bankruptcy court found that Appellants acted as ghostwriters by failing to sign the

Chapter 13 petition, and thus perpetrated fraud on the court.

The bankruptcy court suspended Torrens from practice before the United

States Bankruptcy Court for the Southern District of Florida for six months, barred

Reyes from applying for admission to practice before the United States Bankruptcy

Court for the Southern District of Florida before December 31, 2012, prohibited

both Torrens and Reyes from filing any papers in bankruptcy court during their

period of suspension, and held that all employees, associates and business affiliates

of the firm were enjoined from acting as bankruptcy petition preparers under 11

U.S.C. § 110 or as a "debt relief agency" as defined by 11 U.S.C. § 101(12A).  The

court also referred the matter to the office of the United States Attorney for

possible criminal prosecution and to the Florida Bar for further disciplinary

proceedings.  The district court affirmed the bankruptcy court's decision,

concluding that the surrounding circumstances revealed at the evidentiary hearing

supported the bankruptcy court's findings.  Appellants only appeal the holding that

---

[4] 18 U.S.C. Section 157(3) provides that

A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so . . . makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at  any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title, shall be fined under this title, imprisoned not more than 5 years, or both.

they perpetrated fraud on the court by ghostwriting Hood's Chapter 13 petition in violation of Florida Rules of Professional Conduct 4-3.3(a)(1) and 4-8.4(c), and 18 U.S.C. § 157(3).

## II.

"In the bankruptcy context, this court sits as a second court of review and thus examines independently the factual and legal determinations of the bankruptcy court and employs the same standards of review as the district court." *In re Optical Techs., Inc.*, 425 F.3d 1294, 1299–1300 (11th Cir. 2005) (internal quotation marks omitted). We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996) (per curiam). "Neither the district court nor this court may make independent factual findings." *Id.* A bankruptcy court's imposition of sanctions is reviewed for an abuse of discretion. *In re Mroz*, 65 F.3d 1567, 1571 (11th Cir. 1995).

Bankruptcy fraud is a criminal matter in which federal district courts have original jurisdiction. 18 U.S.C. § 3231; *see In re Hipp*, 895 F.2d 1503, 1518 (5th Cir. 1990). In the event that a bankruptcy judge has "reasonable grounds" for believing that a party committed bankruptcy fraud in violation of 18 U.S.C. § 157(3), the judge "shall report [the case] to the appropriate United States attorney." 18 U.S.C. § 3057(a). Attorneys who practice before Florida courts are

governed by the Florida Rules of Professional Conduct.  R. Regulating Fla. Bar 1-10.1, 3-4.1.  The Florida Rules provide that "[a] lawyer shall not . . . make a false statement of fact or law to a tribunal," *id.* at 4-3.3(a)(1), and "shall not . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation," *id.* at 4-8.4(c).  The Rules explain, however, that "a lawyer and client may agree to limit the objectives or scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent in writing."  *Id.* at 4-1.2(c).  In practice then, "[i]f the lawyer assists a pro se litigant by drafting any document to be submitted to a court, the lawyer is not obligated to sign the document."  *Id.* at 4-1.2(c) cmt.  But "the lawyer must indicate 'Prepared with the assistance of counsel' on the document to avoid misleading the court, which otherwise might be under the impression that the person, who appears to be proceeding pro se, has received no assistance from a lawyer."  *Id.*  Rule 4-1.2(c) reflects the Florida Bar's stance on the issue of attorney ghostwriting, or more simply put, the undisclosed assistance of counsel in the drafting of a pro se document filed with the court.

Here, the bankruptcy court held that Appellants violated Florida Rules of Professional Conduct 4-3.3(a)(1) and 4-8.4(c) by perpetrating fraud on the court through a ghostwritten pro se Chapter 13 petition.  Yet, the bankruptcy court failed to cite Rule 4-1.2(c), the specific Florida Rule of Professional Conduct regulating

7

the practice of ghostwriting. In addressing Rule 4-1.2(c), "[w]e begin where courts interpreting statutory and rule provisions should, with the language of the provisions." *Hunter v. United States*, 101 F.3d 1565, 1574 (11th Cir. 1996) (en banc). We first note that while this court has not addressed the propriety of ghostwriting,[5] we do so today only as ghostwriting applies to the factual circumstances of the present case.

Rule 4-1.2(c) explains that when an attorney assists "by drafting" a pro se document to be submitted to the court, the attorney must identify the document as "[p]repared with the assistance of counsel." R. Regulating Fla. Bar 4-1.2(c) cmt. "In determining the ordinary meaning of statutory terms, we often find guidance in dictionary definitions." *In re James*, 406 F.3d 1340, 1343 (11th Cir. 2005). To "draft" is defined as "[t]o write or compose." *Black's Law Dictionary* (9th ed. 2009). It is apparent to us that under the plain language of the rule, Appellants did not "draft" a document for Hood. *See* R. Regulating Fla. Bar 4-1.2(c) cmt. They did not "write or compose" the pre-formatted Chapter 13 petition. *See Black's*

---

[5] Circuits differ on the acceptance of attorney ghostwriting, with the First and Tenth Circuits requiring attorney disclosure, and the Second Circuit permitting nondisclosure in limited circumstances. *Compare Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) (per curiam) (stating that "any ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved"), *and Ellis v. Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971) (requiring that "[i]f a brief is prepared in any substantial part by a member of the bar, it must be signed by him"), *with In re Liu*, 664 F.3d 367, 373, 381 n.5 (2d Cir. 2011) (per curiam) (concluding that ghostwriting "largely non-substantive" petitions for administrative cases "did not constitute misconduct and therefore [did] not warrant the imposition of discipline.").

*Law Dictionary* (9th ed. 2009).  To the contrary, Appellants recorded answers on a standard fill-in-the-blank Chapter 13 petition based on Hood's verbal responses.  Moreover, Hood personally signed the petition.  That Hood attempted to attain the best of both worlds by claiming that he had no knowledge of the petition only after the bankruptcy proceeding effectively stalled the foreclosure on his property is patent.  Regardless, a Chapter 13 petition stands in stark contrast to a ghostwritten pro se brief, such as the brief drafted by the undisclosed attorney in *Duran*, 238 F.3d at 1273, and noted by the court in *Ellis*, 448 F.2d at 1328.  A legal brief is a substantive pleading that requires extensive preparation; much more than is necessary for the completion of a basic, fill-in-the-blank bankruptcy petition.

To that end, the Chapter 13 petition at issue is comparable to the documents filed by undisclosed counsel in *Liu*, where the Second Circuit held that "[t]he [undisclosed pro se] petitions for review . . . were fairly simple and unlikely to have caused any confusion or prejudice."  664 F.3d at 372–73.  There, the Second Circuit concluded that Liu's allegedly ghostwritten pro se petitions filed with the court did not violate the local rules of ethics pertaining to fraud and "did not constitute sanctionable misconduct."  *Id.* at 369.  Additionally, as in *Liu*, "there is no indication that [Appellants] sought, or w[ere] aware that [they] might obtain, any unfair advantage through" the undisclosed pro se petition.  *Id.* at 373.

9

Similar to *Liu*, we see no fraudulent intent in this record by Appellants. Rather, they were attempting to assist Hood with the completion of a straightforward pro se Chapter 13 petition for which there was no unfair advantage to be gained. Who, within the firm, filled out the petition is a distinction without a difference. A Chapter 13 petition is a publicly available form that is designed in a manner that lends itself to a pro se litigant. Hood could have personally completed the petition at issue in the exact same manner and likely obtained the same result. *See Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 788 (8th Cir. 2012) (distinguishing between "nonstandard [and standard] . . . documents," finding that "fill[ing] in the blanks in standardized . . . document forms" did not constitute the practice of law where the non-lawyer did not create the forms and "filling in the blanks . . . was ancillary to the non-lawyer's main business." (alteration and internal quotation marks omitted)). Furthermore, there was no finding of fact by the bankruptcy court that any information placed on the Chapter 13 petition was false. Appellants' conduct was not fraudulent. *See* R. Regulating Fla. Bar 4-3.3(a)(1), 4-8.4(c).

The bankruptcy court thus erred in its conclusion that Appellants committed fraud when they "contracted with [Hood] to provide foreclosure defense services[,] . . . took [Hood's] money, had [Hood] sign documents, and then filed an ostensibly 'pro se,' bad faith bankruptcy petition on [Hood's] behalf." At bottom, we

10

conclude that Appellants did not "draft" a document within the scope of Rule 4-1.2(c) and did not commit fraud in violation of the Florida Rules of Professional Conduct or 18 U.S.C. § 157(3).

Therefore, we find that the bankruptcy court abused its discretion when it suspended Torrens from practice before the United States Bankruptcy Court for the Southern District of Florida for six months, barred Reyes from applying for admission to practice before the United States Bankruptcy Court for the Southern District of Florida before December 31, 2012, prohibited both Torrens and Reyes from filing any papers in bankruptcy court during their period of suspension, and held that all employees, associates and business affiliates of the firm were enjoined from acting as bankruptcy petition preparers. We reverse the judgment of the district court affirming the bankruptcy court's order, hold that Appellants are not subject to the imposition of discipline, and remand to the district court for proceedings not inconsistent with this opinion.

**REVERSED and REMANDED.**