[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10835
Non-Argument Calendar
_____

D.C. Docket Nos. 1:13-cv-01615-CAP; 12-bkc-65651-BEM

In re:

CLEVE L. MOLETTE

Debtor.

_____

CLEVE L. MOLETTE,

Plaintiff-Appellant,

versus

TITLE MAX OF GEORGIA,
d.b.a. Title Bucks,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 4, 2015)

Before ED CARNES, Chief Judge, MARCUS, and WILLIAM H. PRYOR, Circuit Judges.

PER CURIAM:

Cleve L. Molette, proceeding pro se, appeals the district court's order affirming the bankruptcy court's denial of his Rule 60 motion for relief from judgment. See Fed. R. Civ. P. 60. Molette contends that both the bankruptcy court and the district court erred in finding that TitleMax is not liable to Molette for punitive damages under 42 U.S.C. § 1983.

In June 2012 Molette filed for Chapter 7 bankruptcy, which created an automatic stay of creditor proceedings. See 11 U.S.C. § 362. Soon after, TitleMax repossessed Molette's vehicle but returned it three days later when it learned of the stay. Molette filed a motion for sanctions against TitleMax in the bankruptcy court, seeking actual damages and $1.5 million in punitive damages for alleged violations of his constitutional rights.[1] After a hearing on the motion, the bankruptcy court ruled that TitleMax willfully violated the automatic stay and awarded Molette actual damages in the amount of $357.84 and punitive damages in the amount of $1,500. See 11 U.S.C. § 362(k). The court denied his motion for punitive damages under 42 U.S.C. § 1983.

---

[1] Specifically, Molette claimed that the repossession was an illegal seizure in violation of the Fourth Amendment. However, in his brief to this Court, Molette argues that the repossession was actually a violation of his due process rights under the Fourteenth Amendment and that the "claims he made concerning the [Fourth] Amendment [were] inadvertent." It is not necessary for us to determine whether Molette's claim was brought under the Fourth or Fourteenth Amendment.

2

Molette, unsatisfied with the award, filed three separate motions to have the bankruptcy court reconsider, alter, or otherwise modify its judgment to include § 1983 punitive damages.  The bankruptcy court denied all three motions.  The final of those three orders — and the only one that Molette appealed to the district court[2] — was a Federal Rule of Civil Procedure Rule 60 motion for relief from judgment.  See Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60).  In denying that motion, the bankruptcy court reiterated its earlier finding that TitleMax, as a private entity, was not liable under § 1983.  The district court affirmed, and this is Molette's appeal.

In a bankruptcy case, this Court "sits as a second court of review and thus examines independently the factual and legal determinations of the bankruptcy court and employs the same standards of review as the district court."  Torrens v. Hood (In re Hood), 727 F.3d 1360, 1363 (11th Cir. 2013).  We review a

---

[2] The district court's order affirming the bankruptcy court did not indicate which bankruptcy court order or orders were under review.  Instead, it stated generally that "Molette filed this appeal to have the bankruptcy court's opinion overturned" and examined arguments that were raised "[i]n each of [Molette's] three motions seeking to overturn the bankruptcy court's denial of his motion for constitutional punitive damages."  However, it is clear that the only order appealed to the district court was the order denying the last of those three motions, which was a Rule 60 motion for relief from judgment.  We reach that conclusion based on Molette's Notice of Appeal in the district court, which states that he "appeals from the order entered on the [sic] April 1, 2013 in this matter denying Debtor's Rule 60 Motion for Relief from Judgment."  We also note that the order denying the Rule 60 motion was the only one that the district court had jurisdiction to review because it was the only one for which a notice of appeal was timely filed.  See Matter of Robinson, 640 F.2d 737, 738 (5th Cir. 1981) (stating that the district court lacks jurisdiction over an appeal from the bankruptcy court that is not timely filed); see also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981).

bankruptcy court's denial of a motion for relief from judgment for an abuse of discretion. Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006).

Molette has never identified the provision of Rule 60 on which he relies.[3] Regardless, we have been clear that Rule 60 is not an appropriate vehicle to relitigate claims already raised and rejected, which is precisely what Molette attempted to do with this motion. See Am. Bankers Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999) ("[T]he law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal."). For that reason, the bankruptcy court did not abuse its discretion in denying Molette's Rule 60 motion.

Though not necessary to the resolution of this appeal, we nonetheless note that the bankruptcy court also did not err in its determination that TitleMax was not liable to Molette under § 1983. TitleMax, a private entity, may be considered a state actor for § 1983 purposes only if one of three conditions is met: (1) the State coerced or significantly encouraged it to repossess Molette's vehicle; (2) by repossessing the vehicle, it "performed a public function that was traditionally the

---

[3] Rule 60(a) allows a district court to correct a clerical error. Fed. R. Civ. P. 60(a). Rule 60(b) enumerates six grounds on which a district court may grant relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud[,] . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

exclusive prerogative of the State"; or (3) the State was a "joint participant" in the repossession of the vehicle.  See Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).  The bankruptcy court correctly concluded that none of those conditions were satisfied by the facts of this case.[4]

AFFIRMED.

---

[4] Aside from the meritless claim that TitleMax acted under color of state law, Molette asserts in his amended statement of the issues that "the [c]ourt below . . . err[ed] in its finding of various facts."  Upon a careful review of the record on appeal, we conclude that there was no clear error in either the bankruptcy court's or the district court's findings of fact.  See Englander v. Mills (In re Englander), 95 F.3d 1028, 1030 (11th Cir. 1996) (stating that we review factual findings for clear error).