[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-11885
Non-Argument Calendar

————————————————

D.C. Docket Nos. 3:17-cv-00130-TCB; 11-bkc-11192-WHD

In re:  GLENN LEE THOMPSON,
         HEIKE BIRGIT THOMPSON,

Debtors.

_____

GLENN LEE THOMPSON,
HEIKE BIRGIT THOMPSON,

Plaintiffs - Appellants,

versus

NANCY J. GARGULA,
United States Trustee,

Defendant - Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(October 7, 2019)

Before MARCUS, WILSON and BRANCH, Circuit Judges.

BRANCH, Circuit Judge:

Glenn Thompson and Heike Thompson challenge a bankruptcy court order revoking the discharge of their debt. Their case turns on their allegation that the United States Trustee had pre-discharge knowledge of the alleged conduct that resulted in the revocation. The legal question on appeal boils down to whether a "lack-of-knowledge" requirement that is explicitly contained in one subsection of the bankruptcy statute, 11 U.S.C. § 727(d)(1), can be read into the adjacent subsection of the same statute, 11 U.S.C. § 727(d)(2), thereby barring revocation. The question presents an issue of first impression in this Circuit.[1] We decline to rewrite the statute and thus affirm the district court.

## I.

On April 3, 2011, the Thompsons filed a voluntary Chapter 13 bankruptcy petition. At their request, the bankruptcy court converted the case to Chapter 11 on September 1, 2011; on July 10, 2013 it converted it, again at their request, to Chapter 7. The Thompsons owned two businesses: Nattco, LLC ("Nattco"), where Heike Thompson served as president, and GHT United, LLC ("GHT"). On the

---

[1] In fact, it appears to be an issue that no circuit has squarely addressed, probably because it is rare that the facts of a case would produce a dispute on this issue. A trustee who has knowledge about relevant conduct under § 727(d)(2) would likely disclose that information before the discharge. And indeed, the Trustee here disputes pre-discharge knowledge for purposes of the statute. We would need to reach that factual question, however, only if § 727(d)(2) required us to do so.

2

same day that the Thompsons' individual case was converted to Chapter 11, Nattco filed a voluntary bankruptcy petition under Chapter 11.

In the meantime, during the pendency of the individual and corporate bankruptcy cases, a former employee of Nattco submitted a fraud referral to the Trustee, alleging misconduct by the Thompsons, including "stockpiling cash," "taking trips to Hawaii, Puerto Rico, and Florida," and undergoing plastic surgery. The Trustee received the referral and additional communications about alleged fraud between October 2013 and January 2014, and consequently initiated an investigation into the allegations.

On February 26, 2014, the bankruptcy court granted the Thompsons a discharge. *See* 11 U.S.C. § 727(a). On February 25, 2015, the Trustee filed an adversary complaint requesting revocation of the Thompsons' discharge in light of the apparent fraudulent activity and alleging that the financial reports the Thompsons submitted in the individual and Nattco bankruptcy cases were "incomplete, inaccurate, or erroneous." On September 12, 2016, the Thompsons filed a motion for summary judgment, alleging in relevant part that the Trustee was on notice of the alleged fraud before the bankruptcy court entered the discharge, barring the Trustee's claim for revocation.

On November 16, 2016, the bankruptcy court denied in part and granted in part the Thompsons' motion for summary judgment. The bankruptcy court applied

3

11 U.S.C. § 727(d), which reads in relevant part as follows:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
>> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; [or]
>>
>> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee[.]

The bankruptcy court noted that § 727(d)(1) allows for the revocation of a discharge if the requesting party (in this case, the Trustee) "did not know of such fraud until after the granting of such discharge." Because the Trustee was informed of the fraudulent activity before the discharge was granted, no revocation was appropriate under § 727(d)(1), and the bankruptcy court granted in part the motion for summary judgment on that ground.

The bankruptcy court, noted, however, that § 727(d)(2) contains no such lack-of-knowledge requirement, and that the Thompsons had engaged in the proscribed debtor conduct that § 727(d)(2) designates as sufficient support for a revocation. On that ground, the bankruptcy court denied in part the Thompsons' motion for summary judgment.

The case proceeded to a bench trial, after which the bankruptcy court entered its final order and judgment revoking the Thompsons' discharge on August 17,

4

2017. The Thompsons appealed to the U.S. District Court for the Northern District of Georgia, which affirmed the bankruptcy court's final order and judgment on April 3, 2018. This appeal followed.

## II.

This Court "sits as a second court of review and thus examines independently the factual and legal determinations of the bankruptcy court and employs the same standards of review as the district court." *Yerian v. Webber (In re Yerian)*, 927 F.3d 1223, 1227 (11th Cir. 2019) (quoting *Torrens v. Hood (In re Hood)*, 727 F.3d 1360, 1363 (11th Cir. 2013)). "[W]hen a district court affirms a bankruptcy court's order, as the district court did here, this Court reviews the bankruptcy court's decision." *Brown v. Gore (In re Brown)*, 742 F.3d 1309, 1315 (11th Cir. 2014). "We review the bankruptcy court's factual findings for clear error and its legal conclusions de novo." *Id.* (quoting *Educ. Credit Mgmt. Corp. v. Mosley (In re Mosley)*, 494 F.3d 1320, 1324 (11th Cir. 2007)).

## III.

Section 727(d)(1) of the Bankruptcy Code requires the bankruptcy court to revoke a Chapter 7 discharge at the request of the Trustee if the debtor obtained the discharge through fraud, and if the Trustee "did not know of such fraud until after the granting of such discharge." Section 727(d)(2) similarly requires revocation at the request of the Trustee when the debtor "knowingly and fraudulently failed to

5

report the acquisition of" "property that is property of the estate" or failed to surrender the property to the Trustee, but notably it contains no exception for cases where the Trustee had pre-discharge knowledge of the fraud. In an attempt to overcome the plain language of the statute, the Thompsons argue that "a plaintiff proceeding with a claim for revocation under § 727(d)(2) should be required to prove he lacked pre-discharge knowledge of the fraud under the same standard applied to claims under § 727(d)(1)." Both the bankruptcy court and the district court declined to take the lack-of-knowledge requirement of § 727(d)(1) and read it into § 727(d)(2). We also decline to do so.

### A.

On appeal to this Court, the Thompsons advance two primary arguments for why this Court should incorporate the lack-of-knowledge requirement of § 727(d)(1) into § 727(d)(2). First, the Thompsons argue that the legislative history of § 727(d)(2) indicates that the lack-of-knowledge requirement should apply to both (d)(1) and (d)(2). Specifically, they assert that the statute, going all the way back to its origins in section 15 of the Bankruptcy Act of 1898, has required that "estoppel predicated on principles of laches may act as a bar to any attempt to revoke a discharge."[2] In particular, they note that prior to the revision of 1970, the

---

[2] The Thompsons also note that a small number of cases, in particular *Humphreys v. Stedham (In re Stedham)*, 327 B.R. 889, 897 (Bankr. W.D. Tenn. 2005), have held that § 727(d)(2)

statute allowed for "parties in interest" to apply for revocation of a discharge due

to fraud by the debtor only if they had "not been guilty of undue laches" and had

no knowledge of the fraud prior to the discharge. *See* Bankruptcy Act of 1898,

Pub. L. No. 55-541, § 15, 30 Stat. 544, 550 (1898), later codified at 11 U.S.C.

§ 33,[3] *repealed by* Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat.

2549 (1978).

---

necessarily includes the lack-of-knowledge requirement or it would be indistinct from § 727(a)(2), which reads:

> (a) The court shall grant the debtor a discharge, unless . . .
>
> > (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
> >
> > > (A) property of the debtor, within one year before the date of the filing of the petition; or
> > >
> > > (B) property of the estate, after the date of the filing of the petition[.]

The Thompsons mention this argument only in passing, but we note that § 727(a) is distinct from § 727(d) in several ways noted by the bankruptcy court, the most obvious of which is that § 727(a) applies to determining when a discharge may by *granted* or *denied*, while § 727(d) applies to determining when a discharge may be *revoked* after it has already been granted.

[3] The Bankruptcy Act of 1898 originally provided:

> Discharges, when Revoked.—The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial if it shall be made to appear that it was obtained through the fraud of the bankrupt, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge.

Pub. L. No. 55-541, § 15, 30 Stat. at 550.

In 1970, Congress revised section 15, adding additional grounds for revocation, including language that is analogous to the current version of 11 U.S.C. § 727(d)(2): revocation is appropriate when the debtor "received or became entitled to receive property of any kind which is or which became a part of the bankrupt estate and . . . he knowingly and fraudulently failed to report or to deliver such property to the trustee." Notably, the revised clause did not include a lack-of-knowledge requirement; however, Congress kept the language at the beginning of the clause limiting requests for revocation to a party in interest "who has not been guilty of laches."[4] In 1978, Congress completely rewrote the statute to its current form in the Bankruptcy Code. That revision does not include the overall reference to laches and maintains the lack-of-knowledge requirement for § 727(d)(1) only.

---

[4] The text of the 1970 revision states:

> Discharges, when revoked.—The court may revoke a discharge upon the application of a creditor, the trustee, the United States attorney, or any other party in interest, who has not been guilty of laches, filed at any time within one year after a discharge has been granted, if it shall appear (1) that the discharge was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the applicant since the discharge was granted, and that the facts did not warrant the discharge; or (2) that the bankrupt, before or after discharge, received or became entitled to receive property of any kind which is or which became a part of the bankrupt estate and that he knowingly and fraudulently failed to report or to deliver such property to the trustee; or (3) that the bankrupt during the pendency of the proceeding refused to obey any lawful order of, or to answer any material question approved by, the court. The application to revoke for such refusal may be filed at any time during the pendency of the proceeding or within one year after the discharge was granted, whichever period is longer.

Act of Oct. 19, 1970, Pub. L. No. 91 467, sec. 4, § 15, 84 Stat. 990, 991 (1970).

The Thompsons cite the congressional report concerning the current version of the statute. The report states that the current version of the Bankruptcy Code is supposed to "retain[] the provisions of current law governing when a discharge is granted and when it is denied." H.R. Rep. No. 95-595, at 128 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6089. The Thompsons note that the report does not indicate that "considerations of estoppel and laches" should be ignored, nor does it state that the revision of the statute is "intended to change the interpretation of existing law." On this basis, they argue, the Trustee should not be allowed to bring claims under § 727(d)(2) unless the Trustee can show he did not have knowledge of the fraud prior to the discharge. The Thompsons' arguments on this point are unavailing. The statutory text and *statutory*—not legislative—history are dispositive.

The statutory text is clear enough on its own: § 727(d)(1) contains a lack-of-knowledge requirement, while § 727(d)(2) does not. That fact alone might foreclose the Thompsons' argument. But the statutory amendments described above are the nail in the coffin. In *Keene Corp. v. United States*, 508 U.S. 200 (1993), the Supreme Court explained, that we have a duty "to refrain from reading a phrase into the statute when Congress has left it out. 'Where Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion

9

or exclusion.'" *Id.* at 208 (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)) (alterations adopted); *see also Pollitzer v. Gebhardt*, 860 F.3d 1334, 1340 (11th Cir. 2017). Here, in revising the bankruptcy statute, Congress removed the language requiring a party in interest to be innocent of "undue laches," and kept the lack-of-knowledge requirement solely in § 727(d)(1), omitting it from § 727(d)(2). The provisions in question are adjacent and were revised at the same time. If ever there was a case where the fundamental principle explained in *Keene* should apply, it is this one.

At various other points in the briefing, both parties rely on legislative history to support their positions. But "[w]hen the words of a statute are unambiguous, . . . [the] 'judicial inquiry is complete.'" *Villareal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 969 (11th Cir. 2016) (en banc) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)); *see also United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) ("Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said.").[5] The bankruptcy court correctly assumed Congress meant what it said, and thus its

---

[5] We note, only in passing, that the legislative history on which the Thompsons rely does nothing to help their case. The bifurcation between the language of § 727(d)(1) and § 727(d)(2) occurred in 1970, and the statute was revised again in 1978, resulting in its current form. Nothing in the legislative history indicates that we should import principles of estoppel or laches from one version to the other, or that we should disregard settled principles of statutory interpretation.

10

inquiry was complete. It did not err in construing the statutory text.

**B.**

Next, the Thompsons argue that it is necessary to incorporate the lack-of-knowledge requirement into § 727(d)(2) in order for § 727 to comport with the disclosure obligations levied on the Trustee by § 704 of the Bankruptcy Code. In particular, the Thompsons point to various disclosure requirements that § 704(a) places on a trustee, including furnishing the court with information about the debtor's estate and other information material to the discharge decision.

The Thompsons' argument does not explain how these two provisions are actually in conflict. Section 704 does indeed enumerate duties of the Trustee, but even if we were to assume that those duties include disclosing knowledge of fraud to the bankruptcy court before the court grants a discharge, there is nothing in § 704 that says the Trustee's pre-discharge knowledge of fraud disallows a later revocation, regardless of whether the Trustee fulfilled those duties. Contrary to the Thompsons' assertion, nothing in the bankruptcy court's decision on the § 727(d)(2) revocation issue carves out an exception to or limits the scope of § 704, so the Thompsons' argument does not present a reason to reverse the bankruptcy court.

**IV.**

Both parties argue that they should prevail if this court construes § 727(d)(2)

11

to have a lack-of-knowledge requirement, with the Thompsons claiming pre-discharge knowledge by the Trustee, and the Trustee denying that knowledge. But we do not have to reach the factual determination of whether the Trustee had prior knowledge of the fraud issue, because it would be inappropriate to rewrite § 727(d)(2) to include that requirement. The bankruptcy court and district court correctly interpreted § 727(d)(2). Thus, the judgment of the district court is

**AFFIRMED.**